UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN R. MALONE, JR., as Trustee of the Gordon L. Beeler Irrevocable Trust, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 3:05cv0660 AS |
| RELIASTAR LIFE INSURANCE COMPANY and AXA EQUITABLE LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendants | ) | |

*MEMORANDUM, OPINION AND ORDER*

The complaint in this case was originally filed in the St. Joseph Superior Court in South Bend, Indiana and removed to this court by the defendants, and in doing so invokes this court's jurisdiction under 28 U.S.C. §1332. Thus, the case has now been pending in this court since October 18, 2005, and deserves attention as promptly as the heavy docket in this court permits.

This court heard extensive oral argument from very able counsel in South Bend, Indiana on March 20, 2007. What was argued was a motion for summary judgment filed by the defendant insurance companies on January 7, 2007, as well as a response to that motion for summary judgment by the plaintiff and a plaintiff's motion to strike. Also the insurance company defendants filed reply and response on February 27, 2007. The arguments were far reaching and helpful to this court.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918

2

(7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

This court has given close attention to the origins of the common law in Indiana regarding the so-called seven-year presumption regarding death to be sure it is a rebuttable presumption. The opinion of Judge Remy 87 years ago in *Equitable Life Assur. Soc. of the United States v. James*, 73 Ind. App. 186, 127 N.E. 11 (1920) remains helpful. As indicated very clearly in the court proceedings on March 20, 2007, this court is very familiar with the circumstances in *Roberts v. Wabash*, 410 N.E. 2d 1377 (Ind. App. 1980), having actually known Clarence Roberts and his family in Brown County in the 1940's and 1950's.

On the basis of the totality of this record and much that was said by counsel in the proceedings in South Bend on March 20, this court is of the firm conviction that indeed there is a jury question with regard to the applicability of the so-called seven-year rebuttable presumption. Necessarily, that proceeding under the Seventh Amendment of the Constitution of the United States includes the evaluation and consideration of the credibility of witnesses

3

including, but not limited to, Lisa Liegl. This court will certainly leave the decision as to her credibility up to a jury of eight persons selected according to law in this court and from this district. The issue as to the applicability of the so-called rebuttable presumption is and will be the centerpiece of any trial by jury that will be had in this case.

This court does not conceive there is a jury issue on the basis of the record and arguments that have been made with regard to so-called bad faith or punitive damages under the law of Indiana. *See Erie Ins. Co. v. Hickman*, 322 N.E. 2d 515 (Ind. 1993). The relevant burden is clear and convincing evidence. This court has taken the trouble to reread the unanimous opinions of the Supreme Court of Indiana in *Erie Ins*. Very revealing language is found at 622 N.E. 2d 520:

> We also note that this new cause of action does not arise every time an insurance claim is erroneously denied. For example, a good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith. This is so even if it is ultimately determined that the insurer breached its contract. That insurance companies may, in good faith, dispute claims, has long been the rule in Indiana. *Vernon Fire*, 264 Ind. at 609-10, 349 N.E.2d at 181; *Indiana Ins. Co. v. Plummer Power Mower* (1992), Ind.App., 590 N.E.2d 1085, 1093; *CIGNA-INA/Aetna v. Hagerman-Shambaugh* (1985), Ind.App., 473 N.E.2d 1033, 1036; *Town & Country Mutual Ins. Co. v. Hunter* (1984), Ind.App., 472 N.E.2d 1265, 1268; *Hoosier Ins. Co. v. Mangino* (1981), Ind.App., 419 N.E.2d 978, 982; *First Fed. Sav. and Loan Assoc. v. Mudgett* (1979), Ind.App., 397 N.E. 2d 1002, 1008.

***************

4

>As noted previously, Indiana law developed a rule which permitted an insured, under certain circumstances, to seek punitive damages in an action for the breach of an insurance contract. Although our holding in Best Beers prohibits such a recovery in a breach of contract action, the recognition of an independent tort for the breach of the insurer's obligation to exercise good faith provides the tort upon which punitive damages may be based. Nonetheless, just as a jury's determination that a claim was, in retrospect, incorrectly denied is not sufficient to establish a breach of the duty to exercise good faith, proof that a tort was committed is not sufficient to establish the right to punitive damages. Indiana Ins. v. Plummer, 590 N.E.2d at 1094.

*Erie Ins. Co.* at p. 520.

This court has also taken the trouble to carefully reread *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E. 2d 968, an opinion by Justice Rucker with a concurring opinion by Chief Justice Shepard and a dissent by Justice Sullivan.  Obviously, the precedent here is in the majority opinion by Justice Rucker, but this court cannot gainsay and ignore the concurring opinion of Chief Justice Shepard or the dissent of Justice Sullivan.  The record here is in great distinction to what was present in *Monroe*.  So issues with regard to punitive damages and bad faith will not go before this jury.  Summary judgment is now **GRANTED** in favor of the defendants on that issue.

What will go before this jury for decision and determination is whether by a preponderance of the evidence these plaintiffs can invoke the rebuttable presumption of seven years as outlined in *Equitable Life Assur. Soc. v. James*, 127 N.E. 11 (Ind. App. 1920). Such is a jury question and that is the only jury question that will be presented.  This court

5

will advance every reasonable effort to keep this case narrowed and constrained to the precise factual issue involved in that regard.

Now that all counsel know precisely where they are going, this case is **REFERRED** to Magistrate Judge Nuechterlein for the sole and only purpose of engaging in a reasoned and reasonable dialogue regarding settlement.  There are some first-class litigating lawyers of record in this case.  First-class litigating lawyers also have to be realists in the best sense of the word.  This court uses the term deep reality therapy often, and it is an appropriate one here for all concerned.  The case will go to trial unless it is settled before a jury of eight persons selected according to such normal proceedings in this district before this court.  The trial date of May 21, 2007 stands.  The pretrial order shall be filed by May 1, 2007 and signed by all trial counsel.  Mr. Konopa and his firm will be responsible for preparing the pretrial order.  **IT IS SO ORDERED**.

DATED:  March 21, 2007

                                             S/ ALLEN SHARP
                                             **ALLEN SHARP, JUDGE**
                                             **UNITED STATES DISTRICT COURT**

6